**Jimmie Joseph BOUDREAUX, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–86–005 CR.**

Court of Appeals of Texas,
Beaumont.

Dec. 23, 1986.

Rodney Price, Vidor, for appellant.

Stephen C. Howard, Co. Atty., David Bosserman, Asst. Co. Atty., Orange, for appellee.

OPINION

BROOKSHIRE, Justice.

Appellant was charged with aggravated sexual assault enhanced by a prior felony conviction. A jury found the Appellant guilty. He elected to go to the jury for punishment, which was assessed at confinement for life.

At the trial, the victim testified that the Appellant had come into the room where she and her 11–year-old brother were sleeping. The Appellant had lifted up her nightgown. He then pulled down her panties and licked her "private spot". The "private spot" was later shown to be the vaginal area using a large anatomical doll. The female victim was about 8 years old at the time of trial. The Appellant was a boyfriend of a babysitter for the victim.

The Appellant testified that he had not committed the sexual acts charged against him. He stated that he had been convicted

of burglary of a habitation, car theft, shoplifting, and possession of a prohibited weapon. He had served two terms in the State penitentiary.

The Appellant's first four grounds of error attack paragraphs 2, 3, 4, 5, and 6 of the Court's Charge on punishment. He argues that these paragraphs are a comment on the weight of the evidence, that they amounted to a failure to apply the law to the facts of this case, and that these paragraphs amounted to abuse of discretion. Hence, he avers that the trial court erred in overruling the Appellant's objections to these paragraphs. Since both the Appellant and the Appellee briefed the first four grounds of error as a group, we will follow that grouping.

The challenged paragraphs in the charge are those in quotation marks below, being a part of *TEX.CODE CRIM.PROC. ANN. art. 37.07, sec. 4(a)* (Vernon Supp. 1986). They are as follows:

" 'Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

" 'It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

" 'Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-third of the sentence imposed or 20 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than six years, he must serve at least two years before he is eligible for parole. Eligibili-

ty for parole does not guarantee that parole will be granted.

" 'It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

" 'You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.' "

It should be noted that *article 37.07, sec. 4(a)*, under certain circumstances, dictates:

"[T]he *court shall charge the jury* in writing as follows:" (Emphasis ours)

The court's charge was correctly copied from the statute. The Appellant affirmatively states that he does not contest the application of this statute to the facts of this case. Appellant attacks the statute, itself. Since the paragraphs deal, basically, with future matters and, since the Legislature placed a mandatory duty upon the trial court, we hold that it is not a comment on the weight of the evidence, nor can it be an abuse of discretion.

The Appellant places reliance on *Hart v. State*, 634 S.W.2d 714 (Tex.Crim.App.1982). *Hart* involved a requested charge on the objectives of the law, found in *TEX. PENAL CODE ANN., sec. 1.02* (Vernon 1974). These objectives of the law were requested to have been included in the court's charge at the guilt/innocent phase. *Hart* is simply not applicable. *Article 37.07, sec. 4(a)* is a legislative dictate or mandate and is distinct and different from *sec. 1.02* of the Texas Penal Code.

Appellant cites the following cases: *Garrett v. State*, 624 S.W.2d 953 (Tex.App.—San Antonio 1981), *rev'd*, 642 S.W.2d 779 (Tex.Crim.App.—1982), *rev'd*, 656 S.W.2d 97 (Tex.App.—San Antonio 1983, pet. granted); *Ex Parte Clark*, 597 S.W.2d 760 (Tex.Crim.App.1979, no pet.); *Harris v.*

*State*, 522 S.W.2d 199 (Tex.Crim.App.1975), and *Williams v. State*, 547 S.W.2d 18 (Tex. Crim.App.1977), for the proposition that the court's charge, as authorized by *art. 37.07, sec. 4(a)* fails to apply the law to the facts. We think the reliance of Appellant on these 4 cases is not sound. Each of these cases involved the charge of the court at the guilt/innocent phase of a bifurcated trial. No one of these cases applies to the case at bar, either in a procedural or substantive sense.

■ The accused, below, objected to the paragraphs challenged, arguing that the paragraphs violated his rights of due process of law in that the jury was given facts concerning good time conduct and the parole law which allowed the jury to speculate on certain facts which may or may not apply to this particular Appellant and thereby prejudiced his right to a fair trial. A further objection was that these paragraphs, in one portion, state the existence of good conduct time and the parole law and, later, in another place, instruct the jury not to consider or apply the parole law or good conduct time "to this particular defendant". This objection was that these paragraphs lead to a situation which is contradictory and imposes an impossible task upon the jury, being contrary to reason. It is therefore hopelessly confusing, prejudicing the accused's right to a fair trial and violating his rights of due process. There is no frontal challenge to the statute's (*art. 37.07, sec. 4(a)*) constitutionality.

Appellant has not shown how his rights of due process have been violated or how he has been denied a fair trial. As stated above, the jury was charged that it could not consider the extent to which good conduct time may be awarded to, or forfeited by, this particular Appellant and they were not to consider the manner in which the parole law may be applied to this particular Appellant. Intermediate appellate courts are to presume that the jury followed the trial court's instructions. *Ainsworth v. State*, 517 S.W.2d 274 (Tex.Crim.App.1975). We conclude that the abilities of the jurors

easily permit them to follow the final instruction in *art. 37.07 sec. 4(a)*.

We accept that jurors are reasonable and sensible persons who can be trusted to follow their oaths and the instructions given in the charge. *Keady v. State*, 687 S.W.2d 757 (Tex.Crim.App.1985) (Judge Clinton dissenting). It is not necessary for us to reach the constitutionality of *art. 37.07, sec. 4*. We do squarely hold that *art. 37.07, sec. 4*, does not violate the due process provisions of the *U.S. CONST. amend. XIV*, nor does it impair the due course of law provision of the *TEX. CONST. art. I, sec. 19*.

The last ground of error avers that the evidence was insufficient to support the verdict against the Appellant for the particular offense charged. We have reviewed the evidence in this case and find it sufficient to support the conviction. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984). We overrule the Appellant's grounds of error. The judgment and sentence below are affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The jury instruction mandated by *TEX. CODE CRIM. PROC. ANN. art. 37.07(4)(a)* (Vernon Supp.1986) denied appellant a fair and impartial trial. *TEX. CODE CRIM. PROC. ANN. art. 36.19* (Vernon 1981). The instruction is confusing and internally contradictory. On the one hand, the instruction tells the jury they may consider the existence of parole law and on the other hand informs them they may not consider its manner of application. I agree with Justice Whitham in *Rose v. State*, 724 S.W.2d 832 (Tex.App.—Dallas 1986, pet. pending) (dissenting and concurring opinion on motion for rehearing) wherein he states:

[T]o instruct jurors to distinguish between the existence ... and the application of the parole law also creates an irreconcilable conflict and ... this irreconcilable conflict misleads jurors as a matter of law.

Further, as noted in Justice McGraw's dissenting opinion in *Rose, supra,* "[this] statute allows a jury verdict to be based upon mandated law rather than upon evidence presented." This also denies a defendant a fair and impartial trial. I would reverse and remand this case because the instruction violates the due process provisions of the U.S. CONST. amend. XIV and the TEX. CONST. art. I, sec. 19. Therefore, I must dissent.