**Tony SANCHEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–86–00157–CR to 05–86–00160–CR.**

Court of Appeals of Texas, Dallas.

Dec. 29, 1986.

Rehearing Denied Jan. 26, 1987.

Ronald W. Uselton, Dallas, for appellant.
Jonathan Kamras, Dallas, for appellee.

Before WHITHAM, HOWELL and STEWART, JJ.

WHITHAM, Justice.

Tony Sanchez appeals two convictions for aggravated kidnapping, one conviction for aggravated robbery and one conviction for sexual assault. The jury assessed punishment at ninety-nine years' confinement for each of the two aggravated kidnapping convictions, fifty years' confinement for the aggravated robbery conviction and twenty years' confinement for the sexual assault conviction. We find no merit in any of appellant's three points of error. Accordingly, we affirm.

In a first point of error, assigned in the aggravated kidnapping cases, appellant contends that the court fundamentally erred by failing to submit a verdict form for second degree kidnapping. Section 20.-04(b) of the Texas Penal Code provides that aggravated kidnapping "is a felony of the first degree unless the actor voluntarily releases the victim alive in a safe place, in which event it is a felony of the second degree." TEX. PENAL CODE ANN. § 20.04(b) (Vernon 1974). In the present case, the charge instructed the jury that they might find any one of three degrees of the offense of kidnapping. The charge defined aggravated kidnapping and included a verdict form for this first degree offense. The charge defined the lesser included offense of ordinary kidnapping as well and included a verdict form for this third degree offense. Although the charge properly explained the "safe place" doctrine

which reduces aggravated kidnapping from a first degree felony to a second degree felony, the court failed to include a verdict form for this mitigating factor. Appellant argues that, because there was no place for the jury to express its finding that the aggravated offense was or was not mitigated by releasing complainants in a safe place, the jury could not choose to convict him of a second degree felony rather than a first degree felony.

In each of the aggravated kidnapping cases, the court charged the jury as follows:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of August, 1985, in Grayson County, Texas, the Defendant, Tony Sanchez, did then and there intentionally abduct [complainant] without her consent, with intent to prevent her liberation, by using and threatening to use deadly force on [complainant] and with intent to abuse her sexually, and if you further find that the Defendant, Tony Sanchez, or any party to the offense did not voluntary [sic] release [complainant] alive and in a safe place, then you will find the Defendant, Tony Sanchez, guilty of aggravated kidnapping … a first degree felony and so say by your verdict.

> If you do find that [complainant] was voluntary [sic] released and alive in a safe place by the Defendant, Tony Sanchez, or any party to the offense or if you have a reasonable doubt thereof, then you will find the Defendant, Tony Sanchez, guilty of aggravated kidnapping a second degree felony.

> If you do not so believe or you have a reasonable doubt thereof, you will find the Defendant not guilty of first or second degree felony and consider whether or not he is guilty of the lesser included offense of kidnapping, third degree felony.

In each of the aggravated kidnapping cases, the court provided the jury the following verdict forms:

WE, THE JURY, FIND THE DEFENDANT, TONY SANCHEZ, NOT GUILTY.

FOREMAN

WE, THE JURY, FIND THE DEFENDANT, TONY SANCHEZ, GUILTY OF AGGRAVATED KIDNAPPING AS CHARGED IN THE INDICTMENT.

FOREMAN

WE, THE JURY, FIND THE DEFENDANT, TONY SANCHEZ, GUILTY OF KIDNAPPING.

FOREMAN

The jury foreman signed the second verdict form indicating that the jury convicted appellant of aggravated kidnapping.

In the present cases, the court charged the jury at the guilt or innocence stage of the trial on the offense of aggravated kidnapping, the "safe place" mitigating doctrine to the first degree felony of aggravated kidnapping and the lesser included offense of ordinary kidnapping. The court, however, failed to submit verdict forms for findings as to the safe place doctrine and a possible second degree offense of aggravated kidnapping. Appellant does not challenge submission of the safe place issue at the guilt or innocence phase of the trial as error. Instead, appellant complains only of fundamental error in failing to submit a verdict form for second degree kidnapping at the guilt or innocence phase of the trial. At this point, we note the question of whether the degree of the offense of aggravated kidnapping is a punishment issue instead of a guilt or innocence issue. In *Wright v. State*, 571 S.W.2d 24, 25 (Tex. Crim.App.1978), the court approved in substance the jury charge on the punishment issue of section 20.04(b). In doing so, the court identified as a *punishment issue* the question of whether the offense of aggravated kidnapping was a first or second degree felony under section 20.04(b). *Wright*, 571 S.W.2d at 25. Nevertheless, we leave to another case and time an analysis of the court's comments on *Wright* made in *Ex parte Gutierrez*, 600 S.W.2d 933, 935–36 (Tex.Crim.App.1980). For the purposes of this opinion, we assume, but do

not decide, that the trial court's failure at the guilt or innocence stage of the trial to provide verdict forms corresponding to the second degree offense constitutes error. Moreover, for the purposes of this opinion, we further assume, but do not decide, that the degree of the offense of aggravated kidnapping is a punishment issue instead of a guilt or innocence issue. Therefore, for the purposes of this opinion we further assume, but do not decide, that the trial court's submission of the safe place issue at the guilt or innocence stage of the trial constitutes error. Furthermore, for the purposes of this opinion we also assume, but do not decide, that the trial court's failure to submit the safe place issue at the punishment phase of the trial constitutes unobjected-to error at trial and unassigned error on appeal.

■ Finding trial court error, we reach the question of whether the error constitutes reversible error. We recognize that *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim.App.1985) instructs that whether objection to the charge was made or fundamental error claimed "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171. Appellant did not at the guilt or innocence stage of the trial object to the charge or verdict forms on any grounds. Moreover, appellant did not object to the trial court's failure to submit the safe place issue at the punishment phase of the trial. Thus, we treat all trial court error before us as error that must be disposed of on appeal under rules governing fundamental error. Fundamental error is error so egregious and creates such harm that an accused has not had a fair and impartial trial—in short "egregious harm." *Almanza*, 686 S.W.2d at 171. Thus, we reach two central questions. First, whether anything conspicuously bad happened to appellant because the trial court charged the jury at the guilt or innocence stage of the trial concerning

the safe place doctrine but failed to provide the jury a corresponding verdict form in each case. Second, whether anything conspicuously bad happened to appellant because the trial court failed to submit the safe place issue at the punishment phase of the trial. *See White v. State*, 699 S.W.2d 607, 617 (Tex.App.—Dallas 1985, no pet.).

We begin our inquiry by concluding that the safe place issue is a "non-issue" in the present case. We reason that, if the safe place question was of any actual moment in the present case, appellant's brief would cite to the record and from the matters referenced construct an argument on which a conclusion of fundamental error could be drawn. Appellant's brief does not. Importantly, appellant fails to direct us to conflicting evidence concerning the place of release, or discuss the nature of the evidence concerning the place of release. Thus, the appellant points to no evidence pertaining to the issue of safe place and discusses no evidence pertaining to safe place. We quote the only record reference in appellant's brief bearing upon safe place: "Throughout the trial, the issue of release in a safe place was raised (summarized in argument, S.F. pp. 279–280), and the omission herein described injured the rights of the defendant by disallowing the jury's affirmative finding." Thus, although insisting the issue was raised throughout the trial, appellant declines to tell us where we are to find evidence on the issue as raised throughout the trial. Instead, appellant refers us only to defense counsel's brief comments on the matter found in jury argument. Appellant does not argue that defense counsel's comments were harmful.

■ If we are to assay the actual degree of harm in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole; then we must have citation to the record. This court should not be expected to leaf through a voluminous record hoping to find

the matter raised by appellant and then speculate whether it is that part of the record to which appellant has reference. *Cook v. State*, 611 S.W.2d 83, 87 (Tex.Crim. App.1981). Indeed, we decline to do so. In the present case, appellant does not cite to the record the matters which establish that something conspicuously bad happened to him because the trial court at the guilt or innocence stage of the trial charged the jury concerning the safe place doctrine but failed to provide the jury a corresponding verdict form in each case. Moreover, appellant does not cite to the record the matters which establish that something conspicuously bad happened to him because the trial court failed to submit the safe place issue at the punishment phase of the trial. Consequently, nothing is presented for review. *See Cook* 611 S.W.2d at 87. Thus, we conclude that appellant's position on appeal shows the safe place question to be of no real issue in the case. Therefore, we conclude further that the erroneous deletion of a verdict form for second degree kidnapping at the guilt or innocence stage of the trial cannot realistically be construed to inure to the appellant's egregious harm. Furthermore, we conclude that the trial court's failure to submit the safe place issue at the punishment phase of the trial cannot realistically be construed to inure to the appellant's egregious harm. *See, Lawrence v. State*, 700 S.W.2d 208, 213 (Tex. Crim.App.1985). Accordingly, we cannot say that in the present case unobjected-to jury charge error at any phase of the trial was so egregious and created such harm that appellant has not had a fair and impartial trial. *Lawrence*, 700 S.W.2d at 213. In short, we hold that it is not our duty to locate the places in the record where egregious harm is buried. Instead, appellants must show the locale and the State must convince us that no reversal may be found in that area. If an appellant fails to meet his burden, we overrule points of error pertaining to *Almanza*'s fundamental error. In the present case, appellant failed. We overrule appellant's first point of error.

In a second point of error assigned in the aggravated robbery case briefed with the aggravated kidnapping cases, appellant asserts that the evidence is insufficient to sustain a finding of guilt for aggravated robbery with a deadly weapon. The indictment charged appellant with aggravated robbery when he and two other individuals, Dyer and Lawrence Sanchez, effectively prevented the complainants, H____ and C____, from exercising control over H____'s vehicle. As H____ and C____ entered H____'s car, Dyer walked in front of the car, pointed a gun at H____ and C____ and told H____ and C____ to get out of the car. Appellant and Lawrence Sanchez then told H____ to get into the back seat of the car as Dyer instructed C____ to do the same. Once everyone was seated in the car, Dyer drove away.

■■■■ The essential elements of aggravated robbery under section 29.03 of the Penal Code are that (1) a person (2) in the course of committing theft (3) with intent to obtain or maintain control of property (4) intentionally or knowingly (5) threatens another with, or places another in fear of (6) imminent bodily injury or death and (7) uses or exhibits (8) a deadly weapon. *Bilbrey v. State*, 594 S.W.2d 754, 759 (Tex. Crim.App.1980); TEX.PENAL CODE ANN. §§ 29.02 & 29.03 (Vernon 1974) & § 31.03 (Vernon Supp.1986). In the present case, (1) appellant (2) in the course of appropriating H____'s vehicle without her consent (3) with intent to obtain or maintain control of the vehicle (4) intentionally or knowingly *aided and encouraged Dyer* to (5) threaten H____ with or place H____ in fear of (6) imminent bodily injury or death when Dyer (7) exhibited (8) a pistol. Section 7.02 of the Texas Penal Code provides:

A person is criminally responsible for an offense committed by the conduct of another if:

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs or aids, or attempts to aid the other person to commit the offense.

TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974). We conclude that appellant, by instructing H____ to enter the back seat before Dyer drove the vehicle anywhere, intentionally aided and encouraged the completion of the theft of the vehicle. Thus, appellant is criminally responsible for the aggravated robbery of H____. If a person is criminally responsible for an offense committed by him, by another or by both, he is a party to the offense and he may be charged with commission of the offense. TEX. PENAL CODE ANN. § 7.01 (Vernon 1974). Thus, we conclude that sufficient evidence was presented to support appellant's conviction of aggravated robbery with a deadly weapon. We overrule appellant's second point of error.

In a separate brief in the sexual assault case, appellant contends in a sole point of error that the evidence is insufficient to sustain a finding of guilt for sexual assault as set out in the indictment. We treat this point as appellant's third point of error. The indictment alleges that appellant did "intentionally and knowingly, by threats, force and violence directed toward C____" have sexual intercourse with C____. Appellant asserts that he directed no threats, force or violence toward C____ and that the only person who made threats or exerted any sort of force or violence was Dyer. The record reveals that appellant was one of three men who robbed, terrorized and raped C____ and H____. One of the men, Dyer, had a gun which he had held on C____ and H____. All three of the men had instructed the women to get in the back of the car, to get out of the car or to do as they were told. C____ testified that she felt that she was being threatened by all three of the men from the time they entered the car. When appellant and his companions released H____ and C____, all three men threatened to harm the women and their children if H____ or C____ told anyone of the three men's actions.

■ In the present case, the record reveals that one of the men threatened complainants with a gun, that appellant ordered both complainants around, that

C____ felt threatened by all three men during the entire episode, that appellant engaged in non-consensual sexual intercourse with C____ (not his wife), and that appellant threatened C____ and her children when she was released. We conclude that these facts constitute sufficient evidence of appellant's use of threats and force against C____ to support appellant's conviction for aggravated sexual assault. Accordingly, we overrule appellant's third point of error.

Affirmed.