**Garland Lee BROWN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–87–209 CR.**

Court of Appeals of Texas, Beaumont.

April 28, 1988.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty. and John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

A jury convicted Appellant of the offense of burglary of a habitation and assessed punishment of fifty years confinement in the Texas Department of Corrections. Appellant has perfected this appeal from the judgment of the trial court.

█ By his first point of error Appellant argues that the trial court erred in refusing to allow defense counsel to cross-examine the prosecutor as to why he used a peremptory strike on Mrs. Gage, a prospective juror. The record reflects that Appellant is a black man and that the prosecutor exercised five of his peremptory strikes, all upon black venire persons. Appellant objected on the ground that the prosecutor had used one or more of these peremptory strikes in a racially motivated manner.

The trial court then conducted a hearing outside the presence of the prospective jurors to determine whether the prosecutor had exercised any of his peremptory strikes based upon racial considerations. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69. When defense counsel asked the prosecutor why he struck Mrs. Gage, the *prosecutor pointed out that defense counsel had also struck her.* The trial court refused to allow any questions concerning the prosecutor's exercise of a peremptory challenge upon Mrs. Gage, because, even if the prosecutor acted improperly, Mrs. Gage would still not serve on the jury. Defense counsel objected to this ruling of the trial court. However, Appellant did not make an *offer of proof or bill of exception* revealing what the excluded testimony would have been had the court allowed such questions. Therefore, if the trial court did err in excluding such inquiry, the error is not preserved for review by this court. *TEX.R.CRIM.EVID. 103(a)(2).* Appellant's first point of error is overruled.

■ Appellant's second point of error complains of an argument made by the prosecutor during the punishment phase of the trial. The argument complained of is as follows:

"[Prosecutor] You have to reach a unanimous verdict. If you hang up, and it's not unanimous, and you have to tell the Judge it is a hung jury, this whole thing has to start over, again. And the guilty verdict goes away and there's a whole new trial. And we have to get twelve other people in here to...."

Appellant's counsel objected on the ground that the argument was not based on the record and went beyond the charge of the trial court. The trial court sustained the objection and instructed the jury to disregard the argument. Appellant's request for a mistrial was denied.

Such prosecutorial arguments are improper. *Brown v. State,* 692 S.W.2d 497 (Tex.Crim.App.1985). However, improper jury argument does not constitute reversible error where the trial court instructs the jury to disregard the argument, "unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such admonishment." *Id.* at 502, quoting *Blansett v. State,* 556 S.W.2d 322 (Tex.Crim.App.1977). We find that the trial court's instruction to disregard the remarks was sufficient to cure the harmful effect. Appellant's second point of error is overruled.

■ By his third point of error Appellant complains of another jury argument by the prosecutor at the punishment phase of the trial. The prosecutor informed the jury that Appellant had been represented by "Bob Wortham, the current U.S. Attorney", in a previous case. Appellant objected that the statement of the prosecutor was not supported by the record. The trial court sustained the objection and instructed the jury to disregard the argument, but denied Appellant's request for a mistrial. This argument was most certainly improper, but we find that the trial court's instruction was sufficient to cure any harm this totally irrelevant remark may have had upon the jury. *See Brown v. State, supra.* Appellant's third point of error is overruled.

■ By his fourth point of error Appellant argues that the trial court committed reversible error in submitting to the jury an instruction regarding parole law. Appellant relies upon *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1987) (motion for rehearing pending). While we are aware of the Court of Criminal Appeals' opinion in *Rose,* we are also aware that the opinion is not definitely final.

The instruction complained of is mandated by statute. *TEX.CODE CRIM.PROC. ANN. art. 37.07, sec. 4(a)* (Vernon Supp. 1988). The trial court proposed to *give the parole instruction to the jury only after the jury sent a note to the judge* containing the following question:

"If we give Mr. Brown fifty years, how long would it take before he could get out?

"Also, does the new law of having to serve one-third of a sentence"

The last sentence in this note is incomplete.

Before the trial court submitted the parole law instruction Appellant complains of, defense counsel was allowed to make his objections, which follow:

"[M]y objection is that this answer 'Good Time Credit and Parole,' is based not upon any evidence that has been presented in Court.

"It is outside of the record. It is a comment by the judge, and I object to its presentation to the jury.

"It is highly speculative, and leads the jury to speculate, and to begin a system of rote or averaging or other impermissible method of arriving at punishment.

"That's it."

The trial court overruled these objections. These objections were made at approximately 10:26 a.m., then the trial court gave the parole law instruction to the jury. At 10:52 a.m. the jury returned its verdict setting Appellant's punishment at fifty years confinement in the Texas Department of Corrections.

In his brief Appellant points out several problems with the statutory parole law instruction which were identified by the various opinions in *Rose, supra.* We note that none of these complaints expressed in Appellant's brief *comport with any of the objections expressed by Appellant's trial counsel.* Therefore, Appellant has preserved no error for review by this court. *Hodge v. State,* 631 S.W.2d 754 (Tex.Crim. App.1982). Therefore, in order to obtain a reversal, Appellant would have to show that the instruction he complains of *denied him the right to a fair and impartial trial on punishment. See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984).

The Appellant only points out one fact in the record which he argues to show harm resulting from the giving of the parole law instruction, and that is based upon the mere fact that the jury took only twenty-six minutes to set punishment after the instruction on parole was given. We do not conclude this fact alone shows egre-gious harm to Appellant. It is not our duty to locate the places in the record where alleged egregious harm, if any, is buried. *Sanchez v. State,* 722 S.W.2d 781 (Tex.App. —Dallas 1986, pet. ref'd). Since Appellant has failed to show that the alleged error he complains of caused him egregious harm, he would not be entitled to a reversal even if the Court of Criminal Appeals' opinions in *Rose, supra,* were final. Furthermore, this court has previously held, in a final opinion, that the instruction mandated by *TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 4(a)* is constitutional. *See Boudreaux v. State,* 723 S.W.2d 230 (Tex.App.—Beaumont 1986, no pet.) For the foregoing reasons, Appellant's fourth point of error is overruled and the judgment of the trial court is affirmed.

AFFIRMED.

BURGESS, Justice, concurring.

I concur in the result with these additional comments on point of error number four. The majority appears unwilling to "let go" of the constitutionality of *article 37.-07(4)(a)* as evidenced by their continued reference to *Boudreaux v. State,* 723 S.W. 2d 230 (Tex.App.—Beaumont 1986, no pet.) and the comment "While we are aware of the Court of Criminal Appeals' opinion in *Rose,* we are also aware that the opinion is not definitely final." I continue to maintain, as I have from the initial determination in *Boudreaux,* that the parole instruction is unconstitutional. Because the majority inferentially does not accept this, I disavow their comments in this regard. I concur in the result of point of error number four because I do not find the appellant has shown egregious harm. A fifty-year sentence for an individual with five previous felony convictions is not outside the realm of reasonable punishment based solely upon the evidence.