02-09-034-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00034-CR 

 

 


 
 
 David Wayne Gish
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE
355th District Court OF Hood COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          In six points that all concern the
alleged ineffectiveness of his trial counsel, appellant David Wayne Gish
appeals his forty-year sentence for burglary of a habitation.[2]  Because we conclude that appellant has not
satisfied his burden to prove his points, we affirm.

Background Facts

          A grand jury indicted appellant with
burglary of a habitation.[3]  The indictment alleged that he entered
the habitation to commit theft, and it asserted that he had already been
convicted of three other burglaries.[4]  Appellant elected the jury to assess
punishment in the event of his conviction.

          After a jury was selected following
the parties’ voir dire, appellant pled guilty in the presence of the jury and
pled true to the indictment’s enhancement allegations.[5]  The State called witnesses who testified about
the burglary in this case (in which appellant broke a glass door with a brick
to enter a house and steal money) and other burglaries appellant had committed.  Appellant called his ex-mother-in-law and
ex-wife to testify about his character.  Appellant’s
ex-mother-in-law said that appellant had good potential, that she “just
love[d]” him, and that he could “fix anything.”

          After the parties presented closing
arguments, the jury assessed appellant’s punishment at forty years’ confinement,
and the trial court sentenced him accordingly. 
Appellant filed a motion for new trial, contending that the verdict was
contrary to the law and the evidence and that he was represented ineffectively
by counsel.  He also filed notice of this
appeal.

Ineffective Assistance of Counsel

          In six related points, appellant
argues that his trial counsel was ineffective for failing to object to various
aspects of the State’s closing argument. He contends that the State’s
argument asked the jury to apply parole law to him, which violated a provision
in the code of criminal procedure and contradicted the jury charge.

Standard of review

To
establish ineffective assistance of counsel, appellant must show by a
preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163
S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett
v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim.
App. 1999).  In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d
at 813.  The issue is whether
counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89,
104 S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  It is not appropriate
for an appellate court to simply infer ineffective assistance based upon
unclear portions of the record.  Mata v. State, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The
second prong of Strickland requires a showing that counsel=s
errors were so serious that they deprived the defendant of a fair and reliable
trial.  Strickland, 466
U.S. at 687, 104 S. Ct. at 2064. 
In other words, appellant must show there is a reasonable probability
that, but for counsel=s unprofessional errors, the
result of the proceeding would have been different.  Id. at 694, 104 S.
Ct. at 2068.  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.  Id.  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding in which the result is being
challenged.  Id.
at 697, 104 S. Ct. at 2070.

Analysis

 

          In her closing
argument, the prosecutor told the jury, in part,

 

          Let’s look at the defendant’s record,
because that’s something else you can consider.  January 31st, 2005, this defendant broke into
a home in Tarrant County, burglarized, was sentenced to four years in prison.  February 20th, 2005, not even a month later,
he does it again, Tarrant County, gets four years in prison.  And February 21st, the next day, does it
again, gets four years in prison.  Now,
he pled [guilty to] all of those on the same day, so all of those ran concurrently,
so even though he’s been sentenced to 12 years in prison total, you know, he
had to serve four at one time.  Well, we
know that he got sentenced in May of 2005 and he was out, burglarizing homes in
Hood County in March of 2008, so we know he didn’t serve all four years, and we
know he was on parole when he was supposed to be being watched at that time. .
. .

          . . . .

          . . . 
He has already been sentenced to 12 years in prison and has served some
of that time, we don’t know how much, so he had a shot to grow up.

          Now, if the good Mr. Gish shows up in
prison, Mr. Fix-it, then the judge tells you that he can earn good time, and
that can shorten his sentence, because the time, amounts of time he served plus
the amount of good time he gets, when
that equals 15 years or one-fourth of his sentence, he gets out.  So think about that when you’re deliberating.  We don’t have any reason to believe that he
won’t be good in prison.  He hasn’t --
doesn’t have anything to steal there, can’t break into people’s homes, so, you
know, maybe he’ll get a job fixing up something at the prison, he’ll get good
time credit for that.

          . . . .

          He hasn’t learned his lesson yet,
ladies and gentlemen.  He hasn’t
grown up yet. . . .  This is a career
burglar at age 23. . . .  And the only
way, as I mentioned before, to keep him from performing his chosen profession
is to keep him in prison, the only way we can be sure he’s not burglarizing
your home or someone else’s.

          If you give this defendant, Mr. Gish,
a sentence of sixty years, we know that he could be out in 15.  But we
know that every -- he can earn his way out in 15 years, and we know that
for every single day of that 15 years, those 15 years, he’s not going to be
terrorizing somebody else and breaking into their house.  That, we can know for sure.  That, you can take to the bank.  So without any hesitation, I’m going to ask
you for a sentence of 60 years on this defendant.  Make him serve that 15-year minimum and keep
us safe for 15 years.  Thank you.  [Emphasis added.]

Appellant contends that his trial
counsel’s failure to object to these statements comprised ineffective
assistance.[6]

          We
have recently explained that while it is not improper for the State to explain
how parole eligibility rules apply to certain sentences, the State may not ask
a jury to consider how good-conduct time may be awarded to a particular
defendant or how parole law will particularly affect the defendant’s
sentence.  See Waters v. State, No. 02-10-00080-CR, 2010 WL 4570016, at *4–6
(Tex. App.—Fort Worth Nov. 4, 2010, pet. filed) (citing Taylor v. State, 233 S.W.3d 356, 359 (Tex. Crim. App. 2007)).  In other words, 

          What a jury can properly do . . .
is determine how long a term it wishes a defendant to serve before that
defendant may become eligible for
parole . . . .  A jury, however, may not
consider when, if ever, that defendant actually might be awarded parole (it must disregard whether the defendant will
receive or forfeit good-conduct time and whether he will be awarded parole).

Id. at * 6 (citing Turner v. State, 87 S.W.3d 111, 116 (Tex. Crim. App. 2002), cert. denied, 538 U.S. 965 (2003)).

          We
affirmed the driving while intoxicated conviction in Waters because we held that the prosecutor “did not urge the jury
to make a decision on punishment based on speculation of matters that were not
properly before it.”  Id. at *7.  But the prosecutor did so in this case.  Here, the prosecutor told the jury that when
appellant’s time served plus good-conduct time equals fifteen years or
one-fourth of his sentence, “he gets out.” 
This is an incorrect statement of the law because parole eligibility
does not guarantee release.  See Tex. Code Crim. Proc. Ann. art.
37.07, § 4(b) (Vernon Supp. 2010); Ex
parte Geiken, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000); Felan v. State, 44 S.W.3d 249, 257 (Tex.
App.—Fort Worth 2001, pet. ref’d) (“Parole . . . is completely discretionary.”).  For the same reason, the prosecutor
incorrectly told the jury that appellant would “earn his way out in 15 years.”  Thus, we hold that at least part of the
prosecutor’s argument was improper under Waters.[7]

          Appellant
must show more than the impropriety of the prosecutor’s argument, however, to
prevail on his ineffective assistance claims; he must demonstrate by a preponderance
of the evidence that his counsel was ineffective by not objecting to the
argument and that, if a proper objection was made, the result of his trial—the
jury’s forty-year punishment assessment—would have been different.  See
Strickland,
466 U.S. at 687, 104 S. Ct. at 2064.  In
other words, appellant must show a reasonable likelihood that his counsel’s
failure to object to the prosecutor’s statements effectively increased his
sentence.

          Under the mandate from article 37.07,
the trial court’s charge to the jury included the following language:

          Under the law applicable in this case,
the defendant, if sentenced to a term of imprisonment, may earn time off the
period of incarceration imposed through the award of good conduct time. Prison
authorities may award good conduct time to a prisoner who exhibits good
behavior, diligence in carrying out prison work assignments, and attempts at
rehabilitation.  If a prisoner engages in
misconduct, prison authorities may also take away all or part of any good conduct
time earned by the prisoner.

          It is also possible that the length of
time for which the defendant will be imprisoned might be reduced by the award
of parole.

          Under the law applicable in this case,
if the defendant is sentenced to a term of imprisonment, he will not become
eligible for parole until the actual time served plus any good conduct time
earned equals one-fourth of the sentence imposed or 15 years, whichever is
less.  Eligibility for parole does not guarantee that parole will be granted.

          It
cannot accurately be predicted how the parole law and good conduct time might
be applied to this defendant if he is sentenced to a term of imprisonment,
because the application of these laws will depend on decisions made by prison
and parole authorities.

          You may consider the existence of the
parole law and good conduct time.  However, you are not to consider the extent
to which good conduct time may be awarded to or forfeited by this particular
defendant.  You are not to consider the
manner in which the parole law may be applied to this particular defendant.  [Emphasis added.]

See
Tex. Code Crim. Proc. Ann. art. 37.07, § 4(b).

          In Colburn v. State,
during deliberations in a capital murder case, the jury sent out a note
stating, “Given a life sentence, is there a possibility of parole in this
case?”  966 S.W.2d 511, 519 (Tex. Crim.
App. 1998).  The trial court replied by
explaining, “[T]he jury is prohibited from considering parole in any manner
when considering whether a Defendant should be sentenced to life or death.  You are instructed, therefore, to follow the
law of this state and not consider parole in any manner.”  Id.
 The defendant moved for a mistrial on
the ground that the jury was considering parole in its deliberations.  Id.  But the court of criminal appeals affirmed
the trial court’s decision to overrule the mistrial motion, reasoning in part,

          We generally presume the jury follows
the trial court’s instructions in the manner presented.  The presumption is rebuttable, but appellant
has pointed to no evidence in rebuttal. Appellant did not file a motion for new
trial alleging juror misconduct or obtain a hearing to adduce facts not in the
record.  As such, the only evidence that
the jury considered parole is the jury note.  Even if the note constitutes evidence the jury
discussed parole at a preliminary point,
we presume they followed the court’s instructions and thereafter did not
consider it in reaching their verdict.

          Appellant says the jury’s
consideration of parole deprived him of a “fair trial.”  In light of the court’s proper instruction, we
presume the jury did not consider parole.

Id. at
520 (citations omitted).

          Similarly, in Miles
v. State, the prosecutor interrupted the defendant’s closing argument through
an objection in which the prosecutor incorrectly stated that the presumption of
the defendant’s innocence ended once the trial began. 204 S.W.3d 822, 823–24
(Tex. Crim. App. 2006), cert. denied,
549 U.S. 1266 (2007).  The trial court sustained the prosecutor’s incorrect
objection.  Id. at 824.  The court of
criminal appeals held that although the State’s objection (and the trial
court’s sustaining of that objection) was wrong, the error did not require
reversal of the conviction.  Id. at 826–28.  Citing Colburn,
the court reasoned in part, “[T]he trial court’s charge to the jury
included an accurate and thorough explanation of the presumption of innocence
and what it means in a court of law, and, in the absence of evidence to the
contrary, we will assume that the jury followed its written instructions.”  Id.
at 827–28.

          The presumption described in Colburn and Miles—that
juries follow the trial court’s instructions to them—is a longstanding maxim that
has been repeated many times by the court of criminal appeals.  See
Thrift v. State, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005); Hutch v. State, 922 S.W.2d 166, 172
(Tex. Crim. App. 1996); Ainsworth v.
State, 517 S.W.2d 274, 277 (Tex. Crim. App. 1975).  We have also relied on the maxim.  See Walker
v. State, 300 S.W.3d 836, 850 (Tex. App.—Fort Worth 2009, pet. ref’d); Tell v. State, 908 S.W.2d 535, 540 (Tex.
App.—Fort Worth 1995, no pet.) (“The jury was charged not to consider how good
conduct time or the parole law might be applied to Tell.  Nothing in the record indicates that the jury
did not follow the trial court’s instruction, and this court must presume that
it did.”); see also Jones v. State,
264 S.W.3d 26, 29 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d) (“Because a
jury is presumed to follow the trial court’s instructions, it is presumed that
the jury did not consider parole.”); Boudreaux
v. State, 723 S.W.2d 230, 232 (Tex. App.—Beaumont 1986, no pet.) (“[T]he jury
was charged that it could not consider the . . . manner in which the
parole law may be applied to this particular Appellant. Intermediate appellate
courts are to presume that the jury followed the trial court’s instructions.”).

          Like in Tell, nothing
in the record here indicates that the jury did not follow the trial court’s unambiguous,
explicit instruction—to not consider
the manner in which the parole law may be applied to appellant—that was
contained in the same document in which the jury wrote its punishment decision.[8] 
Similarly, nothing indicates that the jury was swayed in its punishment
decision by the objectionable parts of the State’s argument.  In fact, while the State discussed the
potential for parole as background for specifically asking the jury to give
appellant sixty years’ confinement, the jury rejected the State’s request by giving
him only forty years.  Thus, because
appellant has not met his burden to show the contrary, we will apply the
well-founded presumption that the jury followed the trial court’s explicit,
unambiguous instructions.  See Miles, 204 S.W.3d at 823–24; Tell, 908 S.W.2d at 540; see also Ladd v. State, 3 S.W.3d 547,
570 (Tex. Crim. App. 1999) (holding that the defendant’s failure to prove
prejudice from his defense counsel’s allegedly deficient performance during the
punishment phase of a capital murder trial precluded relief on an ineffective
assistance claim), cert. denied, 529
U.S. 1070 (2000); Mitchell v. State,
989 S.W.2d 747, 748 (Tex. Crim. App. 1999) (explaining that a court of appeals
may not assume prejudice in an ineffective assistance of counsel claim).

          Also, without any aid from the State’s closing argument,
the jury could have rationally found that the facts in this case justified a
forty-year sentence, which is on the lower end of the first-degree felony
range.  See Tex. Penal Code Ann. § 12.32(a); see also Hawkins v. State, 135 S.W.3d 72, 85 (Tex. Crim. App. 2004)
(concluding that the defendant’s other offenses that could have supported a
lengthy setence were relevant considerations in an analysis of the effect of a
prosecutor’s argument about the application of parole law); Perez v. State, 994 S.W.2d 233, 238
(Tex. App.—Waco 1999, no pet.) (holding that a prosecutor’s argument about
parole was improper but harmless because, among other facts, evidence in the
case supported the defendant’s sentence of life imprisonment).  The jury received evidence showing that
appellant had already been convicted for committing three burglaries in 2005
and that, despite therefore spending time in the penetentiary, he committed
three more buglaries after being released.

          Appellant relies on Chester
v. State to argue that the prosecutor’s erroneous argument about parole law
caused harm.  167 S.W.3d 935, 936–38
(Tex. App.—Amarillo 2005, pet. ref’d).[9] 
But in Chester, the defendant timely
objected to the State’s parole argument; he therefore did not have a burden to show,
by a preponderance of the evidence in an ineffective assistance claim, that the
result of the trial would have been different. 
See id. at 936.  Similarly, in Hawkins, which is another case relied on by appellant, the
defendant timely objected, and the court of criminal appeals therefore applied
the harm standard for nonconstitutional error, in which the defendant does not
have a burden.  135 S.W.3d at 74; see Tex. R. App. P. 44.2(b); Johnson v. State, 43 S.W.3d 1, 5 (Tex.
Crim. App. 2001) (holding that there is no burden on the defendant or the State
to demonstrate whether a defendant has been harmed under rule 44.2(b)); cf. Perez
v. State, 310 S.W.3d 890, 893–94 (Tex. Crim. App. 2010) (reiterating that
the “defendant bears the burden of proving ineffectiveness by a preponderance
of the evidence” and explaining that showing only that an error had a
conceivable effect on the outcome of a proceeding does not suffice). 

          For these reasons, without deciding whether appellant’s
trial counsel fell below the standard of prevailing professional norms
by not objecting to the State’s improper jury argument, we hold that appellant
has not shown by a preponderance of the evidence that there is a reasonable
probability that, but for counsel’s alleged deficiency, the jury’s assessment
of forty years’ confinement would have been different.  See Strickland, 466 U.S. at 687, 104
S. Ct. at 2064; see also Rylander v. State, 101 S.W.3d 107, 110–11 (Tex. Crim.
App. 2003) (declining to address the second prong of Strickland when the defendant did not prove the first prong).  Thus, we overrule appellant’s six points.

Conclusion

          Having overruled all of appellant’s points, we affirm the
trial court’s judgment.

 

 

TERRIE LIVINGSTON

CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT
and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 13, 2011











[1]See Tex. R. App. P. 47.4.





[2]Appellant
does not ask us to reverse his conviction; instead, he wants us to remand this
case to the trial court for a new punishment trial.





[3]See Tex. Penal Code Ann. § 30.02(a)(1),
(3) (Vernon 2003).





[4]Burglary
of a habitation with the intent to commit theft is usually a second-degree
felony that carries a punishment range of two to twenty years’
confinement.  See Tex. Penal Code Ann. § 12.33(a) (Vernon Supp. 2010), § 30.02(c)(2).  But when a
defendant who has previously been convicted of a felony is convicted of a
second-degree felony, the second-degree felony is punished as a first-degree
felony, which carries a maximum punishment of ninety-nine years or life in
prison.  Id. §§ 12.32(a), .42(b) (Vernon Supp.
2010).





[5]A
“plea of guilty made to a jury is the functional equivalent of a jury verdict
of guilty. . . .  The case simply
proceeds with a unitary punishment hearing.” 
Fuller v. State, 253 S.W.3d
220, 227 (Tex. Crim. App. 2008), cert.
denied, 129 S. Ct. 904 (2009) (footnote omitted).





[6]Appellant
raises his points through ineffective assistance claims because absent an
objection to a jury argument at trial, nothing is presented for review.  Threadgill v. State, 146 S.W.3d 654,
667 (Tex. Crim. App. 2004).





[7]Appellant
also contends, in his first two points, that the portion of the prosecutor’s
argument in which she told the jury, with respect to appellant’s previous burglaries,
that he “got
sentenced in May of 2005 and he was out, burglarizing homes in Hood County in
March of 2008, so we know he didn’t serve all four years,” was improper.  Appellant asserts that this statement
“argue[d] the operation of parole laws,” and he relies on a provision of the
code of criminal procedure.  Tex. Code
Crim. Proc. Ann. art. 37.07, § 4(d) (“This section does not permit the
introduction of evidence on the operation of parole and good conduct time laws.”).  Because of the reasoning in our disposition
below, we will not address whether this portion of the prosecutor’s argument
was also improper.





[8]We
also note that the charge in this case told the jury, “You are instructed that
any statements of counsel . . . not in harmony with the law as stated to you by
me in these instructions, are to be wholly disregarded.”





[9]In
Waters, we questioned the validity of
the Amarillo Court of Appeals’s holding in Chester about the propriety of the
prosecutor’s argument.  See Waters, 2010 WL 4570016 at *4.