In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-02-00212-CR
______________________________


WARREN HUDSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 00F0393-005


                                                 



Before Morriss, C.J., Ross and Cornelius, *JJ.
Memorandum Opinion by Chief Justice Morriss

__________________________________
*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


MEMORANDUM OPINION

            Warren Hudson was convicted of possession of cocaine in the amount of 400 grams or more.


 
The jury assessed his punishment at forty years' imprisonment and a $5,000.00 fine. Hudson also
has a pending appeal in a companion case, Hudson v. State, No. 06-02-00211-CR (Tex.
App.—Texarkana 2004, no pet. h.). The two cases were tried together, and Hudson raised the same
contentions in each appeal, save a few exceptions. He contends under this cause that the judgment
of conviction is incorrect because of certain inconsistencies it contains and that it is therefore
voidable. He also contends he received ineffective assistance of counsel due to his trial counsel's
failure to file a motion for new trial and his failure to object to testimony concerning the street value
of the cocaine seized. 
Judgment of Conviction
            Hudson contends the trial court's judgment is voidable because of certain inconsistencies it
contains. He points out that, on the second page of the judgment for possession of cocaine filed 
November 6, 2002, the verdict of the jury received by the court was as follows: "We, the jury, find
the defendant, Warren Hudson, guilty of possession of a usable quantity of marijuana as charged in
the indictment." Also on the second page of the judgment, it states that "the Defendant having
previously elected to have the punishment assessed by the Judge . . . ." As Hudson points out, trial
court cause number 00-F-0395-005 was for possession of cocaine, not marihuana, and Hudson had
elected to have the jury, not the court, assess punishment. The judgment also reflects that the plea
to the enhancement paragraph was not applicable. Hudson, in fact, pled true to the enhancement
paragraph during the punishment phase of trial. 
            The State contends the judgment was amended July 3, 2003, to accurately reflect the
judgment against Hudson. While the judgment was styled as an amended judgment, we find that the
judgment was in effect a nunc pro tunc judgment correcting the clerical errors of which Hudson
complains. The Texas Rules of Appellate Procedure allow a trial court to modify, correct, or set
aside judgments and orders through motions for new trial, motions to arrest judgment, and motions
for judgment nunc pro tunc. Tex. R. App. P. 21–23. Rule 23 vests a trial court with the authority
to correct mistakes or errors in a judgment or order after the expiration of the court's plenary power,
via entry of a judgment nunc pro tunc. A judgment nunc pro tunc, which literally means "now for
then," may not be used to correct "judicial" errors, i.e., those errors which are a product of judicial
reasoning or determination. State v. Bates, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). Instead,
nunc pro tunc orders may be used only to correct clerical errors in which no judicial reasoning
contributed to their entry. See Alvarez v. State, 605 S.W.2d 615 (Tex. Crim. App. 1980) (holding
erroneous recitation judgment entered in Criminal District Court Number Three could be corrected
nunc pro tunc as clerical error to reflect judgment entered in Criminal District Court Number Two
six months after entry of final judgment). It is readily apparent in this case that the errors of which
Hudson complains were clerical errors done as a result of mistake or inadvertence. The nunc pro
tunc judgment of the trial court correcting the clerical errors of the original judgment is valid. 
Hudson's first point of error is overruled. 
Ineffective Assistance of Counsel
            Hudson contends he was denied his constitutional right to effective assistance of counsel. 
He contends defense counsel was deficient in his failing to file a motion for new trial to correct the
voidable judgment discussed above and failing to object to testimony regarding the street value of
the cocaine seized. 
            Hudson contends defense counsel should have filed a motion for new trial to correct the
voidable judgment. When a motion for new trial is not filed in a case, there is a rebuttable
presumption the defendant was counseled by his attorney regarding the merits of the motion, and
ultimately rejected the option. Oldham v. State , 977 S.W.2d 354, 362–63 (Tex. Crim. App. 1998). 
This presumption will not be rebutted when there is nothing in the record to suggest otherwise. 
Smith v. State, 17 S.W.3d 660, 662–63 (Tex. Crim. App. 2000) (presumption not rebutted where
defendant filed pro se notice of appeal alleging counsel was ineffective and defendant subsequently
appeared without counsel to sign pauper's oath and request new counsel); Oldham, 977 S.W.2d at
363 (presumption not rebutted where defendant filed pro se notice of appeal and affidavit of
indigency on twenty-eighth day after sentencing and, on twenty-ninth day, notation made in court
document stating appellate attorney "to be determined"). No evidence exists in the record to rebut
the presumption that Hudson was counseled on his right to file a motion for new trial, and ultimately
rejected that option. In addition, no harm is shown because a nunc pro tunc judgment was filed
accurately reflecting the judgment and facts in the case. 
            Hudson also contends he received ineffective assistance of counsel because of defense
counsel's failure to object to testimony regarding the street value of the cocaine seized. During direct
examination, Officer Mark Henry testified that, if the cocaine was purchased in one lump sum, the
street value was approximately $16,000.00, but if broken down further, the street value could
approach $100,000.00. Generally, testimony concerning the price or value of a controlled substance
is admissible. See Thibeadeau v. State, 739 S.W.2d 482, 485 (Tex. App.—Beaumont 1987), vacated
on other grounds, 761 S.W.2d 22 (Tex. Crim. App. 1988) (stating value of cocaine admissible
evidence); Kemner v. State, 589 S.W.2d 403, 406 (Tex. Crim. App. 1979) (holding testimony
regarding value of marihuana recovered from appellant not reversible error); Martin v. State, 823
S.W.2d 726, 728 (Tex. App.—Waco 1992, pet. ref'd) (finding value of marihuana admissible). Such
testimony realistically conveys to the fact-finder the amount of the contraband and its effects on
persons in terms that are understandable. Kemner, 589 S.W.2d at 406. 
            Hudson cites Cabrales v. State, 932 S.W.2d 653, 658 (Tex. App.—Houston [14th Dist.]
1996, no pet.), for the proposition that defense counsel should have objected to the testimony
regarding the value of the cocaine on relevance grounds. That case is distinguishable from the case
at hand. In Cabrales, the defendant was indicted for possession of powdered cocaine. Id. However,
a police officer testified to the value and method of manufacturing crack cocaine, which the court
found irrelevant in the defendant's case. Id. at 658–59 (citing Castiblanco-Gomez v. State, 882
S.W.2d 564, 568 (Tex. App.—Houston [1st Dist.] 1994, no pet.)). In this case, Officer Henry did
not testify to the value or method of manufacturing crack cocaine. He testified only to the value of
the powdered cocaine in the amount seized from Hudson, which is generally admissible and relevant
to the case. Therefore, defense counsel's failure to object was not error or below the objective
standard of reasonableness.
            In addition, for the reasons stated in our opinion in cause number 06-02-00211-CR, decided 

this date, we likewise find Hudson's other contentions in this appeal to be without merit.

            We affirm the judgment.



                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 22, 2004
Date Decided:             February 5, 2004

Do Not Publish