Affirmed and Memorandum Opinion filed August 31, 2006








Affirmed and Memorandum Opinion filed August 31, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00619-CR

____________

 

ELIAS DIAZ BALDERAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 988,521

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of not guilty to the offense of
aggravated sexual assault of a child.  He was convicted and the jury assessed
punishment at fifty years= confinement in the Texas Department of
Criminal JusticeCInstitutional Division.  In a single
issue, appellant contends the judgment should be reversed because the trial
court erred in denying appellant the opportunity to cross-examine the
prosecutor during a Batson[1]
hearing.  We affirm.








Background

The jury in this case was selected from the first
forty-three veniremembers.  An alternate jury was selected from veniremembers
forty-four through forty-six.  After the jury was chosen, but before it was
sworn, appellant objected to the composition of the jury based on article
35.26(1) of the Texas Code of Criminal Procedure.  Appellant objected because
he is a member of a recognized ethnic minority group in that he is Hispanic,
and the prosecutor used peremptory challenges to strike four members of the venire
who were also members of recognized ethnic minority groups.  The trial court
reviewed the racial make-up of the venire for the record, and determined there
was no Aindicia of any
type of racial slashing based on any racial reason.@  Despite finding
no prima facie showing that the prosecutor exercised peremptory strikes on the
basis of race, the trial court requested the prosecutor to articulate his
reasons for striking the veniremembers Ain an abundance of
caution.@  After the
prosecutor articulated his reasons for striking the challenged veniremembers,
the trial court stated:

For purposes of the record, I make the finding that I didn=t find anybody was struck for that
reason; however, I did ask them.  I do not find any cause on Batson
challenge.  I will accept the jury as it is.

 

Following the trial court=s ruling, there
was a discussion between the prosecutor, defense counsel, and the trial court
concerning the alternate jury panel:

[Defense counsel]: Judge, additionally, a different issue which I just
became aware of, whether the State said they did not strike No. 44.

 

[Prosecutor]: We did not say that.  I said I don=t know who I struck.  We wanted to
get 46.

 

[Defense counsel]: I=d like to know if the State did strike 44 because if they didn=t, then 44 should be the alternate.

 








THE COURT: They did strike 44.  What he was saying and I understood
there were three people, three people who you could strike.  Everyone was a
minority.  He struck a minority.  You struck a minority.  That left a
minority.  No matter who he struck, it would have been the same challenge by
you.  So he=s saying he did not know who he
struck.  I wanted to look at that list and he struck 44.

 

[Defense counsel]: Would I be permitted to cross-examine the
prosecutor?

 

THE COURT: No.  I find it was in good cause.  I only ask those
questions in the event that somebody 15 years from now reads a record and doesn=t know the reason for it.  That=s the only reason.  If somebody
disagrees with my original finding, it=s written down there.  So, no, you may not.

 

At that time, the trial court dismissed the veniremembers
that had not been chosen to serve on the jury.

Discussion

To challenge the State=s use of
peremptory strikes under Batson, a defendant must first make a prima
facie showing that the State exercised peremptory strikes on the basis of
race.  See Batson, 476 U.S. at 96; 106 S.Ct. at 1723; Harris v. State,
827 S.W.2d 949, 955 (Tex. Crim. App. 1992).  After a defendant makes a prima
facie showing of purposeful discrimination, the State must then provide a race
neutral explanation for striking the prospective jurors in question.  Harris,
827 S.W.2d at 955.  If the State provides a race neutral explanation for its
strikes, the defendant must rebut the State=s explanation or
show the explanation was merely a sham or pretext.  Williams v. State,
804 S.W.2d 95, 101 (Tex. Crim. App. 1991).  When a defendant asks to
cross-examine the prosecutor on the reasoning behind his explanations, the
trial court errs in failing to permit cross-examination.  Bausley v. State,
997 S.W.2d 313, 316B17 (Tex. App.CDallas 1999, pet.
ref=d).  








Here, appellant failed to preserve the error.  Although
appellant asked to cross-examine the prosecutor, he failed to make an offer of
proof or bill of exception showing what questions he would have asked the
prosecutor had he been allowed to cross-examine him.  Appellant, therefore,
failed to preserve error for review.  See Warner v. State , 969 S.W.2d
1, 2 (Tex. Crim. App. 1998); (holding absent offer of proof, any claim of error
is not preserved)  Brown v. State, 750 S.W.2d 340, 341 (Tex. App.CBeaumont 1988, no
pet.) (holding appellant failed to preserve error with regard to
cross-examination of prosecutor in Batson hearing by failing to make an
offer of proof).  To preserve a complaint regarding the exclusion of evidence,
a defendant generally must make an offer of proof or file a bill of exception
to make the substance of the evidence known.  Tex.
R. Evid. 103(a)(2).  Otherwise, it is usually impossible for the
appellate court to assess whether the exclusion was erroneous or harmful.  LaHood
v. State, 171 S.W.3d 613, 621 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).  Where the defendant is not permitted
to question a witness about a certain general subject that might affect the
witness= credibility, in
this case, the prosecutor=s credibility, the offer‑of‑proof
burden is less rigid.  Virts v. State, 739 S.W.2d 25, 29 (Tex. Crim.
App. 1987).  In that situation, the defendant must establish the general
subject matter on which he desired to examine the witness.  Id.








Here, appellant failed to establish the general subject
matter on which he intended to examine the prosecutor.  In fact, the record is
unclear whether appellant requested to cross-examine the prosecutor on Batson
related issues.  Appellant=s request to cross-examine the prosecutor
was made after the trial court stated it found no racial discrimination and
that it Aaccepted the jury
as it is.@  Appellant did not object to this statement or
request to cross-examine the prosecutor after the prosecutor articulated his
reasons for striking the challenged veniremembers.  Appellant requested to
cross-examine the prosecutor following the discussion of which veniremember the
prosecutor struck from the alternate panel.  Because appellant failed to make
an offer of proof, this court cannot determine on what general subject
appellant wished to cross-examine the prosecutor.  Appellant=s sole issue is
overruled.

The judgment of the
trial court is affirmed.

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed August 31, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).