Valentine FACUNDO, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–00247–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 4, 1998.

Discretionary Review Refused Sept. 16, 1998.

Blanca Lopez, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before HUDSON, FOWLER and DRAUGHN,* JJ.

## OPINION

FOWLER, Justice.

Over his plea of not guilty, a jury found appellant, Valentine Facundo ("Facundo"), guilty of aggravated sexual assault of a child under fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021 (Vernon 1994). The jury fixed punishment at thirty years confinement in the Texas Department of Criminal Justice, Institutional Division. The trial court convicted and sentenced Facundo accordingly. Facundo appeals on five points of error. We affirm the trial court judgment.

## THE CONTROVERSY

On July 18, 1995, Officer David Williams ("Officer Williams") arrested Valentine Facundo ("Facundo") for the aggravated sexual assault of a seven year old girl ("the complainant"). According to the complainant, her cousin, Carla ("Carla"), sent her to Carla's apartment, which she shared with Facundo, to retrieve Carla's food stamp card. While retrieving this card, Facundo grabbed her and threw her on the bed. Facundo removed both the complainant's and his own clothes. According to the complainant, Facundo repeatedly inserted his penis into her vagina, but he withdrew before ejaculation. During the rape, the complainant testified she screamed for her mother. When Facundo let her go, the complainant ran upstairs and told Carla and her mother what had occurred. Carla called the police. After Officer Williams arrived, the frightened complainant told him that Facundo attacked her.

Officer Williams went downstairs and Carla identified Facundo. After complaining of vaginal pain, the complainant was admitted to a hospital for a week. A doctor's examination revealed that the complainant's vagina was red and swollen and the vaginal opening was larger than normal for a child of her age. However, the examination revealed no semen, bleeding, or tearing. At trial, a doctor testified that even without the presence of semen, blood, or tears, the complainant's injuries were consistent with the sort of trauma to the tissue such as those caused by the penetration of a penis.

## STANDARD OF REVIEW

■ When reviewing the legal sufficiency of the evidence, this Court must decide "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *see Garrett v. State*, 851 S.W.2d 853, 857 (Tex.Crim.App.1993). This same standard of review applies to cases involving both direct and circumstantial evidence. *See King v. State*, 895 S.W.2d 701, 703 (Tex.Crim.App.1995). On appeal, this Court does not reevaluate the weight and credibility of the evidence, but we consider only whether the jury reached a rational decision. *See Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App.1993). In conducting a factual sufficiency review, this Court must view all the evidence without the prism of in the light most favorable to the prosecution and must set aside the verdict only if it is so contrary to the weight of the evidence as to be clearly wrong and unjust. *See Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996).

## DISCUSSION AND HOLDINGS

■ In his first point of error, Facundo contends the evidence was legally insufficient to support his conviction because the State's case against him "was simply not credible." On appeal, Facundo contends the case

* Justice Draughn sitting by assignment.

against him is not credible because he testified the window in the apartment was open during the incident. Facundo argues that if he had actually raped the complainant and she screamed like she testified, "other persons in the apartment complex would have heard and come to her aid." However, we find sufficient testimony in the reporter's record to support the jury's verdict and therefore cannot agree with Facundo's argument.

According to the Texas Penal Code, an aggravated sexual assault occurs:

(1) if the person: . . .

(B) intentionally or knowingly:

(i) causes the penetration of the anus or female sexual organ of a child by any means;

(ii) causes the penetration of the mouth of a child by the sexual organ of the actor;

(iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

(iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; and

(2) if . . .

(B) the victim is younger than 14 years of age.

TEX. PENAL CODE ANN. § 22.021 (Vernon 1994). It is undisputed that the complainant is under 14 years of age. It is also undisputed that the complainant's injuries were consistent with some sort of repetitive trauma to her vagina. The treating physician testified that the injuries were consistent with those that would have been caused by the penetration of a penis. In his opinion, based on the complainant's injuries, the complainant had been sexually assaulted. In addition, the complainant testified Facundo inserted his penis in her vagina.

Facundo, however, would have this court ignore all this evidence because, in his opinion, had the rape really occurred someone would have heard the complainant screaming through his open window and would have come to her assistance. But, there is no testimony in the record to support Facundo's theory. It is undisputed that during the assault a large group of men was outside the apartment drinking beer. Facundo, however, presented no evidence that anyone at the apartment complex at the time of the rape did or did not hear the complainant screaming. While there is no testimony in the reporter's record to support Facundo's theory, there is testimony to support the jury's conviction of aggravated sexual assault. Based on the testimony of the complainant and the treating physician, we believe sufficient evidence exists for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. We, therefore, overrule Facundo's first point of error.

In his second point of error, Facundo contends the evidence is factually insufficient to support his conviction. Facundo contends the evidence against him is simply "not credible" because of the circumstances argued under his legal sufficiency challenge. For the reasons stated above, we do not find this argument persuasive or even credible. We, therefore, overrule Facundo's second point of error.

■ In his third and fourth points of error, Facundo contends the trial court committed reversible error in sustaining the State's first and second objections to the appellant's discussion of parole law during the punishment phase of trial. We disagree. In the agreed upon jury charge, the court instructed the jury:

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

This jury charge mirrors the charge provided in the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. Art. 37.07 (Vernon Supp.1998). During argument, Facundo's trial counsel stated: "But when *you* examine what Our Honor told *you* on the parole factor, remember this and read the law here, and basically what this says is: *For example, if you assess ten years in prison,*

*what it says here, he's got to serve five years flat."* (emphasis added). The prosecutor objected to this statement because Facundo's counsel was applying parole law to this defendant. The trial court sustained the objection. Facundo's counsel continued "What the law says here, if *the defendant* is sentenced to a term of imprisonment, *he* will not become eligible for parole until the actual time served equals one-half of the sentence imposed. *So you can do simple mathematics on that."* (emphasis added). Again, the prosecutor objected to the statement because the jury was not to consider the application of the parole law on this defendant. The trial court sustained the objection. After the jury retired for deliberation, Facundo's trial counsel objected to the trial court's limiting his argument on the parole issue. The judge responded that he sustained the objection

> because my understanding of the comments that you were making was to suggest that they should assess punishment based on how long they understood this man would have to serve, that that was the implication that I was hearing at the time that objection was made. Certainly there was no objection——I did not prevent you from going into the mere existence of the parole law. So you've made your record.

On appeal, Facundo concedes that trial counsel may argue the given parole law in the abstract as long as no attempt is made to apply the law to the defendant's case. *See Taylor v. State*, 911 S.W.2d 906, 911 (Tex. App.—Fort Worth 1995, pet. ref'd) (citing article 37.07 of the Texas Code of Criminal Procedure). Facundo contends that his counsel's argument did not specifically apply the parole law to him. We disagree. Facundo's counsel specifically mentioned the effects of parole on Facundo if he (Facundo) was given ten years. We agree with the trial judge that such an argument is not permitted by the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. Art. 37.07 (Vernon Supp.1998).[1] We also believe the

trial judge committed no error in sustaining the State's objections. We, therefore, overrule Facundo's third and fourth points of error.

In his fifth point of error, Facundo contends the trial court erred by failing to grant his motion for new trial which also raised the issue of the trial court's sustaining the State's objections to Facundo's arguments about parole law. For the reasons stated above, we believe the trial court properly denied Facundo's motion for new trial regarding the State's objections to Facundo's arguments concerning parole law. We, therefore, overrule Facundo's fifth point of error.

Accordingly, we affirm the trial court's judgment.

---

1.  In the alternative, Facundo's appellate counsel contends that a trial counsel's impermissibly specific reference to his client while discussing the parole law is not significantly different than a trial counsel's permissible reference to a defendant in the abstract as "any person". *See Taylor,*

911 S.W.2d at 912. We disagree. The law specifically states the jury may not consider how the parole law affects a particular defendant. The law does not outlaw abstract references about the effects of parole law. We, therefore, find Facundo's alternative argument unpersuasive.