CHESTER V. STATE



NO. 07-02-0022-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 13, 2005


______________________________



HORACE CHESTER, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 82,603; HON. LARRY GIST, PRESIDING


_______________________________



Opinion


________________________________


Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 Horace Chester appeals his conviction for possessing .07 grams of cocaine. His two
issues involve the propriety of the State's jury argument. That is, he contends that the trial
court erred by overruling his objection to the State's application of the parole laws to
potential sentences the jury could levy against him. (1) We reverse the judgment of the trial
court.

 In its closing argument during the punishment phase of the trial, the following
occurred before the jury:

 Prosecutor: . . . 15 years he got in 1993 for delivering drugs, okay. I
don'tknow how much of that time he actually served, okay. We do know - -
All we do know for sure is a 15 year sentence in 1993, but in July of last year
- July 31st, he commits this offense that you all are here for, okay. 


 * * * 


 . . . And under the law applicable in this case, if the Defendant is sentenced
to a term of imprisonment, he many [sic] not become eligible for parole until
the actual time served, plus any good conduct time earned equals one-fourth
of the sentence, okay.


 So, if there is a verdict for 20 years - and yes, you can't guess on what
the Board of Prisons and Parole is going to do, okay, and it also says that in
there, but they can tell you this. This is one thing you know for sure. So,
what does that mean? You know that if there is a 20 year sentence - -


 Defense: Your Honor, I'm going to object. It's an improper jury argument. 
 

 Court: Overruled.


 Prosecutor: If there is a 20 year sentence, Mr. Chester will not become
eligible for parole until his actual time served, plus whatever credit they give
him for good time served, equals 5 years, okay. That's what you know for
sure.


 I hope that that's pretty clear and if it's not, you've got your Charge
with you and you can look at that . . . . 


Furthermore, the State's comment about how the parole laws may affect the amount of
time appellant may serve was one of the last made during argument. And, once argument
concluded and while deliberating punishment, the jury sent the trial court a note asking:
"[h]ow may years were served of the 15 years previously." Thereafter, it rendered a verdict
sentencing appellant to 20 years imprisonment and assessing a fine of $10,000; both
constituted the maximum term of imprisonment and fine which it could levy. 

 The comments made about how the parole laws would affect appellant's sentence
if a 20-year term was levied violated the Texas Code of Criminal Procedure, according to
appellant. Laudably, the State conceded the accuracy of appellant's argument. See Tex.
Code Crim. Proc. Ann. art. 37.07 §4 (Vernon Supp. 2004-05) (providing that the jury
should be instructed that they are not to consider the extent to which good conduct time
may be awarded to or forfeited by a particular defendant or the manner in which the parole
laws may be applied to a particular defendant); see also Hawkins v. State, 99 S.W.3d 890,
900-901 (Tex. App.-Corpus Christi 2003), rev'd on other grounds, 135 S.W.3d 72 (Tex.
Crim. App. 2004) (stating that "[o]ur law could not be more clear that a prosecutor must
avoid applying the parole law specifically to the defendant on trial"'); Facundo v. State, 971
S.W.2d 133, 135-36 (Tex. App.-Houston [14th Dist.] 1998, pet. ref'd) (holding it error for the
State to apply the parole laws to that particular defendant). However, it questions whether
the error was harmful. That topic we now address.

 Error pertaining to jury argument is non-constitutional in nature; thus, it must be
disregarded unless it affected substantial rights of the appellant. Martinez v. State, 17
S.W.3d 677, 692 (Tex. Crim. App. 2002). Next, one's substantial rights are affected when
the error has a substantial injurious influence on the jury's verdict. King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997). And, to determine whether this happened, we
examine 1) the severity of the misconduct, 2) the measures adopted to cure the
misconduct, and 3) the certainty of the punishment assessed absent the misconduct. 
Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). And, if upon considering
those indicia we are unsure as to whether the error affected the outcome, we should treat
it as harmful. Booker v. State, 103 S.W.3d 521, 538 (Tex. App.-Fort Worth 2003, pet.
ref'd).

 Regarding the severity of the error, we note that the improper comments were one
of the last things said to the jury before it retired to deliberate punishment. Though we 
cannot be certain if its members recalled the comments once they began their debate, the
circumstances do not give us reason to conclude that it was forgotten. Moreover, the error 
served to inform the jury that irrespective of whatever sentence it imposed, the appellant
may well serve far less time in prison. This could easily be interpreted as inducement to
assess a longer term of imprisonment based on factors other than those permitted by the
legislature; indeed, the latter expressly prohibited the consideration of parole in setting
punishment. Given this, we conclude that the error may be deemed severe.

 As to the second prong mentioned in Hawkins, i.e. the measures adopted to cure
the conduct, we note that the trial court overruled appellant's objection. So, when the error
occurred, there were no measures taken to lessen the impact of the mistake. More
importantly, and as acknowledged by the Court of Criminal Appeals, the decision to
overrule the objection may well have been seen by the jurors as judicial approval of the
mistake. Good v. State, 723 S.W.2d 734, 738 (Tex. Crim. App. 1987). And, while the trial
court admonished the jury, via its written charge, against considering how the laws
concerning good time and parole related to appellant, we cannot say with any assurance
that the jury heeded the admonition. Again, after hearing the trial court conceivably
approve the State's argument by overruling appellant's objection, the jury specifically asked
the court about the length of time appellant actually served when previously sentenced to
prison. The latter question certainly suggests that the jurors were considering the
possibility of early release due to parole and good time despite the instruction. This same
question, when coupled with the timing of the error, also renders uncertain the likelihood
that the same sentence would have been levied if the argument had not been made.
Admittedly, appellant had prior convictions and the offense at issue involved the presence
of juveniles. Those indicia alone may well have justified a maximum sentence. Yet, the
jury asked about the amount of time appellant served with regard to a prior sentence. As
mentioned above, that is evidence of it considering how parole and good time may affect
whatever punishment it may levy upon appellant. So, in short, we have grave reservations
about whether the trial court cured the prejudice emanating from the mistake and the
likelihood that the same sentence would have been assessed irrespective of the argument.

 Finally, as to the State's contention that the instruction contained in the jury charge
relating to parole and good time caused the harm in and of itself, we find it of no succor. 
Informing the jurors about parole and good time and then directing them to forego applying
those factors to the sentence they are determining is akin to placing chocolate in one's
mouth and then being told not to chew it. Yes, one can spit it out, but the taste still lingers. 
So, one can wonder if the charge itself caused harm. Yet, the legislature has spoken on
the matter and informed all that jurors are not to consider parole and good time in the way
the jury probably did here. We cannot nullify that edict when the circumstances evince that
those topics were indeed factored into the sentence. 

 In sum, the trial court erred in overruling appellant's objection to the jury argument. 
Furthermore, the record does not permit us to conclude that appellant's substantial rights
went uninfluenced by the error. Consequently, we deem the error harmful, reverse that
portion of the judgment levying sentence upon appellant, and remand the cause for a new
punishment hearing. 

 

 Brian Quinn 

 Chief Justice 

Publish. 

 
1. Appellant's first appointed counsel filed an Anders brief. In his pro se response, one of the issues
raised by appellant concerned the propriety of the State's argument. Having concluded that there was an
arguable ground for appeal on that question, we abated the cause for the appointment of new counsel. The
trial court appointed new counsel, and the latter filed the brief upon which we act.