NO. 07-02-0022-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 13, 2005
_____

HORACE CHESTER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 82,603; HON. LARRY GIST, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Horace Chester appeals his conviction for possessing .07 grams of cocaine. His two issues involve the propriety of the State's jury argument. That is, he contends that the trial court erred by overruling his objection to the State's application of the parole laws to

potential sentences the jury could levy against him.[1]  We reverse the judgment of the trial court.

In its closing argument during the punishment phase of the trial, the following occurred before the jury:

> **Prosecutor**: . . . 15 years he got in 1993 for delivering drugs, okay.  I don'tknow how much of that time he actually served, okay.  We do know - - All we do know for sure is a 15 year sentence in 1993, but in July of last year - July 31st, he commits this offense that you all are here for, okay.
>
> \*         \*         \*
>
> . . . And under the law applicable in this case, if the Defendant is sentenced to a term of imprisonment, he many [sic] not become eligible for parole until the actual time served, plus any good conduct time earned equals one-fourth of the sentence, okay.
>
> So, if there is a verdict for 20 years - and yes, you can't guess on what the Board of Prisons and Parole is going to do, okay, and it also says that in there, but they can tell you this.  This is one thing you know for sure.  So, what does that mean?  You know that if there is a 20 year sentence - -
>
> **Defense**:  Your Honor, I'm going to object.  It's an improper jury argument.
>
> **Court**:  Overruled.
>
> **Prosecutor**:  If there is a 20 year sentence, Mr. Chester will not become eligible for parole until his actual time served, plus whatever credit they give him for good time served, equals 5 years, okay.  That's what you know for sure.
>
> I hope that that's pretty clear and if it's not, you've got your Charge with you and you can look at that . . . .

---

[1]Appellant's first appointed counsel filed an *Anders* brief.  In his *pro se* response, one of the issues raised by appellant concerned the propriety of the State's argument.  Having concluded that there was an arguable ground for appeal on that question, we abated the cause for the appointment of new counsel.  The trial court appointed new counsel, and the latter filed the brief upon which we act.

2

Furthermore, the State's comment about how the parole laws may affect the amount of time appellant may serve was one of the last made during argument. And, once argument concluded and while deliberating punishment, the jury sent the trial court a note asking: "[h]ow may years were served of the 15 years previously." Thereafter, it rendered a verdict sentencing appellant to 20 years imprisonment and assessing a fine of $10,000; both constituted the maximum term of imprisonment and fine which it could levy.

The comments made about how the parole laws would affect appellant's sentence if a 20-year term was levied violated the Texas Code of Criminal Procedure, according to appellant. Laudably, the State conceded the accuracy of appellant's argument. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 §4 (Vernon Supp. 2004-05) (providing that the jury should be instructed that they are not to consider the extent to which good conduct time may be awarded to or forfeited by a particular defendant or the manner in which the parole laws may be applied to a particular defendant); *see also Hawkins v. State*, 99 S.W.3d 890, 900-901 (Tex. App.–Corpus Christi 2003), *rev'd on other grounds*, 135 S.W.3d 72 (Tex. Crim. App. 2004) (stating that "[o]ur law could not be more clear that a prosecutor must avoid applying the parole law specifically to the defendant on trial"'); *Facundo v. State,* 971 S.W.2d 133, 135-36 (Tex. App.–Houston [14th Dist.] 1998, pet. ref'd) (holding it error for the State to apply the parole laws to that particular defendant). However, it questions whether the error was harmful. That topic we now address.

Error pertaining to jury argument is non-constitutional in nature; thus, it must be disregarded unless it affected substantial rights of the appellant. *Martinez v. State,* 17 S.W.3d 677, 692 (Tex. Crim. App. 2002). Next, one's substantial rights are affected when the error has a substantial injurious influence on the jury's verdict. *King v. State,* 953

3

S.W.2d 266, 271 (Tex. Crim. App. 1997). And, to determine whether this happened, we examine 1) the severity of the misconduct, 2) the measures adopted to cure the misconduct, and 3) the certainty of the punishment assessed absent the misconduct. *Hawkins v. State,* 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). And, if upon considering those indicia we are unsure as to whether the error affected the outcome, we should treat it as harmful. *Booker v. State,* 103 S.W.3d 521, 538 (Tex. App.–Fort Worth 2003, pet. ref'd).

Regarding the severity of the error, we note that the improper comments were one of the last things said to the jury before it retired to deliberate punishment. Though we cannot be certain if its members recalled the comments once they began their debate, the circumstances do not give us reason to conclude that it was forgotten. Moreover, the error served to inform the jury that irrespective of whatever sentence it imposed, the appellant may well serve far less time in prison. This could easily be interpreted as inducement to assess a longer term of imprisonment based on factors other than those permitted by the legislature; indeed, the latter expressly prohibited the consideration of parole in setting punishment. Given this, we conclude that the error may be deemed severe.

As to the second prong mentioned in *Hawkins*, *i.e.* the measures adopted to cure the conduct, we note that the trial court overruled appellant's objection. So, when the error occurred, there were no measures taken to lessen the impact of the mistake. More importantly, and as acknowledged by the Court of Criminal Appeals, the decision to overrule the objection may well have been seen by the jurors as judicial approval of the mistake. *Good v. State,* 723 S.W.2d 734, 738 (Tex. Crim. App. 1987). And, while the trial court admonished the jury, via its written charge, against considering how the laws

4

concerning good time and parole related to appellant, we cannot say with any assurance that the jury heeded the admonition. Again, after hearing the trial court conceivably approve the State's argument by overruling appellant's objection, the jury specifically asked the court about the length of time appellant actually served when previously sentenced to prison. The latter question certainly suggests that the jurors were considering the possibility of early release due to parole and good time despite the instruction. This same question, when coupled with the timing of the error, also renders uncertain the likelihood that the same sentence would have been levied if the argument had not been made. Admittedly, appellant had prior convictions and the offense at issue involved the presence of juveniles. Those indicia alone may well have justified a maximum sentence. Yet, the jury asked about the amount of time appellant served with regard to a prior sentence. As mentioned above, that is evidence of it considering how parole and good time may affect whatever punishment it may levy upon appellant. So, in short, we have grave reservations about whether the trial court cured the prejudice emanating from the mistake and the likelihood that the same sentence would have been assessed irrespective of the argument.

Finally, as to the State's contention that the instruction contained in the jury charge relating to parole and good time caused the harm in and of itself, we find it of no succor. Informing the jurors about parole and good time and then directing them to forego applying those factors to the sentence they are determining is akin to placing chocolate in one's mouth and then being told not to chew it. Yes, one can spit it out, but the taste still lingers. So, one can wonder if the charge itself caused harm. Yet, the legislature has spoken on the matter and informed all that jurors are not to consider parole and good time in the way

5

the jury probably did here.  We cannot nullify that edict when the circumstances evince that those topics were indeed factored into the sentence.

In sum, the trial court erred in overruling appellant's objection to the jury argument. Furthermore, the record does not permit us to conclude that appellant's substantial rights went uninfluenced by the error.  Consequently, we deem the error harmful, reverse that portion of the judgment levying sentence upon appellant, and remand the cause for a new punishment hearing.

Brian Quinn
Chief Justice

Publish.